ELY *a.* MILLER

*Supreme Court, First District ; Special Term, January, 1855.*

### PLEA OF USURY.—EXAMINATION OF PARTIES.

Under the Code a defendant cannot be examined by his co-defendant to establish usury as a defence to their joint promissory note.

Application for a commission to take testimony.

This was an action against two defendants, Miller and Reed, as makers of a promissory note. The defence was usury. The defendant Reed applied for a commission to examine his co-defendant, Miller.

ROOSEVELT, J.—The law at present in England allows parties to a suit to testify in their own favor, leaving the question of credibility, under a full view of all the circumstances, to the determination of the jury. We have high authority for saying —notwithstanding the confident predictions of the foreboders of evil—that in the courts of that country the change in practice works well. Indeed, it always seemed—and in this state still seems—a strange anomaly, that while on the most important motions as they are technically called, the parties should

16

not only be, as from time immemorial they have been, allowed to testify in their own favor, and on paper too, and without cross-examination, yet under the same system of jurisprudence on what are technically denominated trials, the same witness, although offered to the same points, with the additional advantage of an oral and face-to-face cross-examination in open court, should be excluded. Such, nevertheless, is still the law in this state. Efforts have been made to change it, and to remove the manifest contradiction alluded to; but thus far without success. All that our legislature as yet has been willing to do, has been to allow one party to call his opponent, and, in certain cases, one opponent to call another. And the question presented on the application now made is: Can one of two joint makers of a promissory note, sued jointly as such, be a witness for his colleague?

One defendant, says the Code, section 397, may be examined on behalf of his co-defendant as to any matter in which he is not jointly liable or jointly interested, and as to which a separate and not joint verdict or judgment can be rendered. Now what, under the commission applied for by Reed, is the "matter" as to which he seeks to examine his co-debtor Miller? The defence, and the only defence is usury. And is not Miller "jointly interested" with Reed in this "matter?" If the usury be established by his testimony. does he not necessarily prevent any judgment against either defendant? Does he not, in effect, destroy the note on which he would otherwise be "liable jointly with his co-defendant?" The note, it is said, is both joint and several. Is not that an option invested, not for the benefit of the makers, but of the payees? The plaintiffs, no doubt, might have sued Reed alone; but they were not bound to do so. They have elected—and they had a right to elect—to sue on the joint promise, and to ask for a joint judgment—a judgment which, when entered, will bind all the joint property and merge the entire contract, and prevent any separate action afterwards against Miller, although he may not have been served with a summons in this: and which, even as to his separate property, although open to other defences, will forever preclude any defence of the statute of limitations. (*Code*, section 379). The plaintiffs, I have said,

can have no separate judgment in this action. This action is not brought on the several, but on the joint promise, and on that alone. But to prevent all doubt, the plaintiffs have stipulated—although the form of their complaint would seem to render any stipulation superfluous—to ask no judgment unless against both. If, then, the defendant, Miller, should, by his own testimony, establish the defence of usury, he by his own testimony defeats the action altogether. To say that he is not "jointly interested" with Reed in such a result, stating the law as above explained, is a manifest absurdity. For although there may be no joint property at present, there may be joint property hereafter; and, at all events, the statute of limitations is a sufficient consideration to create an interest "in the matter." But that is not all; a judgment of dismissal in this action, on the ground of usury, would, as *res adjudicata*, be a complete bar to any action hereafter, either joint or several, on this same note, against Miller. To admit him to swear at all, therefore, is to admit him to swear for himself. And, consequently, until the legislature shall otherwise provide, the present application, and all other applications of like character, must be denied.